JAMES BAILEY, Plaintiff in Error, *v.* ROBERT MOORE, Defendant in Error.

### ERROR TO ADAMS.

Where partners agree upon terms of dissolution, and one of them fails and refuses to perform, on his part, and the other is subjected to loss, the losing party may repudiate the agreement for a settlement, and ask for an account, according to his rights, as existing prior to the agreement.

THE plaintiff in error filed his bill in chancery, in the Circuit Court of Adams county, against defendant, alleging:

That on or about the first day of December, 1855, a verbal agreement of partnership was entered into between them, by which they were, as equal partners, to buy and sell goods, under the name and style of Moore & Bailey, as long as they should agree.

That they carried on said business until about the first of August, 1856, since which time the business has been discontinued.

That about the first of August, 1856, propositions were made for the settlement of said business.

It was proposed, and assented to at that time, that the plaintiff should receive from that firm the sum of $2.560, that being the amount of stock he had originally put into the concern—and twenty-five per cent. added—and to take in payment of said sum such goods and accounts of said firm as he might select. In case plaintiff took more in amount than said sum, then he was to pay debts of said firm equal to such excess.

Defendant to retain all the partnership property, and to pay all the debts of the firm.

That said proposed settlement has never been carried out, and that there has been no settlement of said partnership business.

That said Moore has wholly failed and refused to carry out said proposition, or settle up said business, although said plaintiff has ever been willing and ready to settle the same.

That since the said first day of August, plaintiff has been

compelled to pay, and has paid, a large amount of debts of said concern, amounting to $950.

That said Moore, since said time, has collected debts of said firm, amounting to a large sum, the amount of which is not known to plaintiff.

That said defendant wrongfully retained in his hands a large amount of notes and accounts belonging to said firm.

That during the existence of said partnership business, said defendant collected a large sum, the amount not known to plaintiff, of the debts due said firm, which he appropriated to his own use, and never did account for the same to said firm.

That, upon a just settlement, there is a large amount due to plaintiff.

That plaintiff has frequently applied to defendant for settlement, and for an exhibit of said partnership matters, and that defendant refuses to make any settlement, but still continues to collect said effects, and to apply the same to his own use.

Prays answer, discovery, and that an account may be taken, and partnership settled, etc.

Defendant filed demurrer to bill, June 5th, 1858, alleging want of equity.

The court rendered a decree sustaining the demurrer, and dismissing said bill at the cost of plaintiff.

Errors assigned: The court erred in sustaining said demurrer, and dismissing said bill.

BUCKLEY & DELANO, for Plaintiff in Error.

WHEAT & GROVER, for Defendant in Error.

CATON, C. J. This is a bill filed for an account between partners. It shows that at the time of the dissolution of the copartnership, the partners agreed between themselves for a settlement of the concern, whereby the defendant was to pay the complainant, in goods and accounts belonging to the concern, three thousand and two hundred dollars, and was to take the assets of the concern and to pay all the copartnership debts. The bill further alleges, that the defendant had failed and refused to perform this agreement of settlement, and that the defendant had collected a large amount of the debts due the firm, and that the complainant had been compelled to pay nine hundred and fifty dollars of the debts due by the firm, and asks for an account as if no agreement for a settlement had been made between the partners.

The only question in the case is, whether, under the circum-

stances here detailed, the complainant had a right to repudiate and abandon the agreement for a settlement, and ask for an account according to his rights as they originally existed as a member of the firm. If these statements are true, we think the defendant had, by his non-compliance with the agreement and refusal to perform it, substantially abandoned it, and the complainant had the right to treat it as if it had never been made. To get rid of the perplexities of settling the affairs of the firm, and avoid his liability to pay any of the debts of the concern, the complainant may well have been induced to consent to take less than his interest was really worth, and when he was disappointed in this expectation, when this consideration for the agreement had actually failed, when, instead of getting the consideration actually agreed upon, he was compelled to pay the debts as if the agreement had never been made, he might well consider himself as justly remitted to his original rights, and insist upon the whole to which he was entitled as partner. We think the court erred in sustaining the demurrer to the bill.

The decree is reversed, and the suit remanded.

*Decree reversed.*